UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATE CONNOR DONNELLY,

    Plaintiff,

v.                                                                Case No. 8:20-cv-614-CPT

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.
_____/

**O R D E R**

Before the Court is the *Plaintiff's Consent Petition for Attorney[s'] Fees* pursuant to the Equal Access to Justice Act (EAJA or the Act). (Doc. 30). For the reasons discussed below, the Plaintiff's motion is granted.

I.

The Plaintiff initiated this action in March 2020, seeking judicial review of the Commissioner's decision denying her application for Disability Insurance Benefits and Supplemental Security Income. (Doc. 1). In February 2021, the Commissioner moved for the entry of a judgment in the Plaintiff's favor and requested that the case be remanded pursuant to sentence four of 42 U.S.C. § 405(g).

(Doc. 26). The Court granted that motion (Doc. 27), and the Clerk of Court entered Judgment for the Plaintiff the same day (Doc. 28). The instant motion for attorneys' fees, filed on April 9, 2021, and unopposed by the Commissioner, followed. (Doc. 30).

II.

Before addressing the substance of the Plaintiff's motion, the Court must dispose of a threshold procedural issue stemming from the recent revisions to the local rules. Effective February 1, 2021, Local Rule 7.01 now creates a bifurcated process for parties seeking the Court's approval of post-judgment attorneys' fees and related non-taxable expenses. M.D. Fla. R. 7.01. Under this provision, a party claiming attorneys' fees or expenses must first timely move the Court for a determination of the party's entitlement to fees. M.D. Fla. R. 7.01(b). If the Court grants that motion, the fee applicant must—within forty-five days of the Court's order—file a supplemental motion that complies with the following requirements:

>(1) describes the meet-and-confer effort but preserves any confidential settlement communication;
>(2) specifies the resolved and *unresolved* issues;
>(3) includes a memorandum of law on any *disputed* issue;
>(4) includes for any *disputed* rate or hour:
>>(A) the timekeeper's identity, experience, and qualification;
>>(B) specifies the resolved and *unresolved* issues;
>>(C) includes a memorandum of law on any *disputed* issue;
>>(D) the timekeeper's requested rate;
>>(E) lead counsel's verification that counsel charges the rate requested, has reviewed each task, and has removed each charge

>     for a task that is excessive, duplicative, clerical, or otherwise unreasonable;
>     (F) evidence showing the reasonableness of the rates based on the prevailing market rate in the division in which the action is filed for similar services by a lawyer of comparable skill, experience, and reputation; and
> (5) includes for a *disputed* non-taxable expense:
>     (A) a receipt for, or other evidence of, the expense and
>     (B) lead counsel's verification that counsel incurred the expense.

M.D. Fla. R. 7.01(c) (emphasis added).

The above emphasized language suggests that, while Local Rule 7.01 mandates two separate motions be filed before the Court can award attorneys' fees and expenses, the second motion may be deemed unnecessary if the amount of the requested fees or expenses is not contested. *Id.* Indeed, courts analyzing fee petitions under the Southern District of Florida's analogous local rule—namely, S.D. Fla. R. 7.3—have dispensed with a bifurcated procedure where, as with the instant motion, a party's fee application is unopposed. *See, e.g.*, *Cruzado v. Saul*, 2021 WL 356157 (S.D. Fla. Jan. 14, 2021), *report and recommendation adopted*, *Cruzado-Rodrigues v. Saul*, 2021 WL 354186 (S.D. Fla. Feb. 2, 2021); *Forbes v. Berryhill*, 2021 WL 256364 (S.D. Fla. Jan. 26, 2021); *Lloyd v. James E. Albertelli, P.A.*, 2020 WL 7295767 (S.D. Fla. Dec. 10, 2020).

In light of this case authority and the circumstances presented, the Court invokes its authority under Local Rule 1.01(b)—which authorizes the Court to

suspend application of a local rule—to decline enforcement of Local Rule 7.01's bifurcation requirement here. M.D. Fla. R. 1.01(b); *see also Tobinick v. Novella*, 884 F.3d 1110, 1120 (11th Cir. 2018) (finding that a district court did not abuse its discretion in allowing a party to submit "an omnibus motion for fees without adhering to some of the procedural requirements under [the Southern District of Florida's] local rules").

With this threshold procedural matter resolved, the Court turns to the merits of the Plaintiff's fee motion. The EAJA authorizes a court to grant attorneys' fees and costs to any party prevailing in litigation against the United States (including proceedings for judicial review of agency action), unless the court determines that the government's position was "substantially justified" or that special circumstances exist that make such an award unjust. 28 U.S.C. § 2412(d). To warrant an authorization of attorneys' fees and costs under the Act, three conditions must be met: (1) the party must file a fee application within thirty days of the final judgment; (2) the party must qualify as the prevailing party and her net worth must not have exceeded $2,000,000 at the time she filed the case; and (3) the government's position must not have been substantially justified and there must be no other special circumstances that would render such an award unjust. *Id.*; *Patton v. Berryhill*, 2017 WL 6520474, at *1 (M.D. Fla. Dec. 18, 2017) (citing *Myers v. Sullivan*, 916 F.2d 659, 666–67 (11th Cir. 1990)).

Each of these conditions have been satisfied here, as the Commissioner effectively acknowledges by his lack of opposition. Thus, a grant of attorneys' fees under the Act is warranted in this action.

To determine the amount of fees to be authorized, courts look to subsection 2412(d)(2)(A), which provides, in relevant part:

> The amount of fees [to be] awarded [to the prevailing party in any civil action brought against any agency or any official of the United States] shall be based upon [the] prevailing market rates for the kind and quality of the services furnished, except that . . . attorney[s'] fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

As this statutory language indicates, the determination of the appropriate hourly fee rate involves a two-part analysis. First, the Court must assess the market rate for similar services provided by attorneys of comparable skill, experience, and reputation. *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992) (quoting *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). Second, if the prevailing market rate exceeds $125 per hour, the Court must decide whether to adjust the hourly rate for an increase in the cost of living or some special factor. *Id.* at 1033–34.

The market rate during the relevant time period for the type of work at issue in this matter is not subject to precise calculation. In the Court's experience, counsel submitting EAJA fee applications for services performed during and after 2019 typically have sought hourly rates ranging from $175 to more than $200. As a result, the hourly rate charged by competent attorneys in this market has, for some time, exceeded the statutory cap of $125. The Court is not alone in this observation. *See, e.g.*, *Gudynowski v. Comm'r of Soc. Sec.*, 2021 WL 1536190, at *2 (M.D. Fla. Apr. 1, 2021), *report and recommendation adopted*, 2021 WL 1530929 (M.D. Fla. Apr. 19, 2021); *Beacham ex rel. Beacham v. Comm'r of Soc. Sec.*, 2020 WL 8083591, at *1 (M.D. Fla. Nov. 19, 2020), *report and recommendation adopted*, 2021 WL 82845 (M.D. Fla. Jan. 11, 2021); *Langer ex rel. Langer v. Comm'r of Soc. Sec.*, 2020 WL 7210026, at *4 (M.D. Fla. Nov. 20, 2020), *report and recommendation adopted*, 2020 WL 7138571 (M.D. Fla. Dec. 7, 2020); *Cruz-Fernandez v. Comm'r of Soc. Sec.*, 2020 WL 6585598, at *1 (M.D. Fla. Nov. 10, 2020). Accordingly, the Court finds it appropriate to deviate upward from the EAJA's base fee rate to account for increases in the cost of living.

Courts in this district and elsewhere routinely calculate cost of living adjustments under the Act by using the Bureau of Labor Statistics' Consumer Price Index (CPI). *See, e.g.*, *Wilborn v. Comm'r of Soc. Sec.*, 2013 WL 1760259, at *1 (M.D. Fla. Apr. 24, 2013); *Rodgers v. Astrue*, 657 F. Supp. 2d 1275, 1277 (M.D. Fla. 2009); *Morrison v. Astrue*, 2010 WL 547775, at *2 (S.D. Fla. Feb. 12, 2010); *see also Sprinkle v.*

*Colvin*, 777 F.3d 421, 428 (7th Cir. 2015) (collecting cases in various circuits using the CPI to determine hourly rate adjustments).[1] Given this decisional law, the Court finds it reasonable to use the CPI as a guide for determining cost of living increases under the EAJA. *See* U.S. DEP'T OF LABOR, BUREAU OF LABOR STATISTICS, https://data.bls.gov/cgi-bin/surveymost?bls (last visited Apr. 26, 2021).

Here, the Plaintiff seeks $7,483.27 in fees based upon a total of 36.2 hours expended on this case in 2020 and 2021 by her counsel, Sarah H. Bohr and Marjorie A. Schmoyer. (Doc. 30 at 2). The sought-after fees are predicated on an hourly rate for both attorneys of $207.78 for 2020 and $208.92 for 2021. *Id*. In support of this request, the Plaintiff submits a copy of her fee agreement with Ms. Bohr and Ms. Schmoyer, as well as itemized schedules of the time each lawyer spent on the action during the above time frame. *Id.* at 4–7.

Upon due consideration of the matter, the Court finds that the total number of hours and hourly rates claimed by Plaintiff's counsel are reasonable and justify the sought-after departures from the EAJA's $125 hourly fee rate. As a result, the Plaintiff is entitled to $7,483.27 in fees based upon a total of 36.2 hours devoted to this case.

---

[1] For a discussion of the CPI data employed by many courts in this Circuit, as well as an explanation of the cost of living adjustment calculation, see *Sensat v. Berryhill*, 2018 WL 5257143, at *6 n.12 (S.D. Fla. Oct. 22, 2018).

III.

In light of the above, it is hereby ORDERED:

1. *Plaintiff's Consent Petition for Attorney[s'] Fees* (Doc. 30) is granted.

2. The Plaintiff is awarded fees in the amount of $7,483.27.

3. In accordance with *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), the Commissioner's remittance of this amount shall be made payable to the Plaintiff. If the government concludes that the Plaintiff does not owe any debt to the government, the Commissioner may honor an assignment of fees to Plaintiff's counsel.

DONE and ORDERED in Tampa, Florida, this 3rd day of May 2021.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record