UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATE CONNOR DONNELLY,

     Plaintiff,

v.                                       Case No. 8:20-cv-614-CPT

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,[1]

     Defendant.
_____/

## O R D E R

Before the Court is the Plaintiff's unopposed motion for attorneys' fees pursuant to 42 U.S.C. § 406(b). (Doc. 35). For the reasons discussed below, the Plaintiff's motion is granted.

### I.

The Plaintiff initiated this action in March 2020, seeking judicial review of the Commissioner's decision denying her application for Disability Insurance Benefits and Supplemental Security Income. (Doc. 1). In February 2021, the Commissioner moved for the entry of a judgment in the Plaintiff's favor and asked that the action be remanded pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 26). The Court

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Kijakazi is substituted for Commissioner Andrew M. Saul as the Defendant in this suit.

granted that request (Doc. 27), and the Clerk of Court entered Judgment for the Plaintiff the same day (Doc. 28).  Roughly three months later, the Plaintiff sought and obtained $7,483.27 in attorneys' fees under the Equal Access to Justice Act (EAJA). (Doc. 34).

As a result of the subsequent proceedings on remand, the Plaintiff was granted past-due benefits.  (Doc. 35-2).  According to the award letter, the Social Security Administration (SSA) withheld $18,889.50 of this past-due amount for a possible future award of attorneys' fees.  *Id.* at 4.[2]  This figure equates to less than twenty-five percent of the Plaintiff's past-due benefits, which is the statutory limit for such fee awards.  *See* 42 U.S.C. § 406(b).

By way of the instant motion, the Plaintiff now asks that the Court enter an order pursuant to 42 U.S.C. § 406(b)(1) approving fees in the amount of $18,889.50 for the services her attorneys rendered in this action.  (Docs. 35 at 5, 35-1).  This sum does not conflict with the Plaintiff's fee agreement, which provides for a contingency fee of up to twenty-five percent of her past-due benefits.  *Id.*  According to the Plaintiff, her lawyers are aware of their obligation to refund to the Plaintiff the previous EAJA fee award of $7,483.27 in the event the Court grants the Plaintiff's motion.  (Doc. 35 at 3).  The Plaintiff also represents that the Commissioner consents to the proposed fee figure.  *Id.* at 5.

---

[2] As explained by the Plaintiff, the SSA originally withheld $24,889.50 from her past-due benefits but deducted $6,000 from that amount to pay administrative fees.  (Docs. 35 at 2, 35-2).

2

II.

Section 406(b) of Title 42, United States Code, governs the authorization of attorney's fees in Social Security cases where, as here, a district court remands the case to the Commissioner for further proceedings, and the Commissioner subsequently grants the claimant past-due benefits. *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1276–78 (11th Cir. 2006) (per curiam).[3] Under such circumstances, the claimant may return to the district court—as the Plaintiff has done here—and seek fees not exceeding twenty-five percent of the past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A); *Culbertson v. Berryhill*, 586 U.S. ___, 139 S. Ct. 517, 522 (2019).

The fee amount authorized, however, must be reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002); *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010). To ensure this is the case, section 406(b) mandates that courts conduct an independent review of counsels' fee arrangements with their clients. *Gisbrecht*, 535 U.S. at 807. As part of its oversight role, courts may direct that an attorney provide "a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808. Courts may also require that the approved fee amount be offset by any previous fee

---

[3] This District's Standing Order provides that an attorney seeking fees pursuant to section 406(b) must move for such fees within sixty days of the date on the SSA's letter setting forth the amount of the past-due benefits. *See In re: Administrative Orders of the Chief Judge*, No. 3:21-mc-1-TJC (Doc. 43) (Dec. 7, 2021). The instant motion is timely because it was filed on August 4, 2022 (Doc. 35), and the SSA's notice of award is dated July 16, 2022 (Doc. 35-2). The Commissioner does not claim otherwise.

3

award or by any fees due counsel under a contingency fee arrangement. *Id.*; *Jackson*, 601 F.3d at 1274.

In addition, an attorney who is successful in claiming fees under both the EAJA and section 406 must refund "to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (internal quotation marks and citation omitted). A lawyer may do so either by deducting an earlier EAJA award from a later section 406(b) award or by refunding the smaller EAJA fee and accepting the section 406(b) payment in full. *Jackson*, 601 F.3d at 1274.

In this action, the Plaintiff's sought-after fee amount of $18,889.50 is based on 36.2 hours expended by her counsel on this appeal during 2020 and 2021. (Doc. 30 at 2; Doc. 35 at 3). This monetary sum encompasses all the work the Plaintiff's lawyers performed before the Court and is not inconsistent with the Plaintiff's contingency fee agreement, as the requested fee award equates to less than twenty-five percent of the total past-due benefits granted the Plaintiff. (Doc. 35-1). In light of these facts, as well as the nature of the legal services provided, the positive results achieved, and the Commissioner's non-opposition to the Plaintiff's motion, the Court finds that the proposed fee figure is reasonable.

## III.

Accordingly, for the reasons stated above, it is hereby ORDERED:

1.    The Plaintiff's unopposed motion for attorneys' fees and costs pursuant to 42 U.S.C. § 406(b) (Doc. 35) is granted, and the Plaintiff is awarded attorneys' fees in the amount of $18,889.50 pursuant to 42 U.S.C. § 406(b). This sum shall be paid

to Plaintiff's attorneys from the past-due benefits currently being withheld by the Commissioner.

2.      Upon receipt of these funds, Plaintiff's attorneys shall promptly refund to the Plaintiff the previously authorized EAJA fee award of $7,483.27.

3.      This action shall be closed and shall remain closed.

SO ORDERED in Tampa, Florida, this 16th day of August 2022.

_____
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record

5